IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

REGINALD UNDERWOOD FULLARD, )
)
Plaintiff, )
)
v. ) 1:22CV530
)
C.K. ROBERTSON, et al., )
)
Defendants. )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Reginald Underwood Fullard's application to proceed *in forma pauperis* ("IFP") and under frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docket Entry 6.) For the reasons that follow, the Court will grant Plaintiff IFP status[1] for the sole purpose of entering this Order and recommend that the Complaint be dismissed without prejudice.

Plaintiff seeks IFP status, thus the Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous, malicious, or fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010) (per curiam). A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Nagy v. Fed. Med. Ctr. Butner*, 376 F.3d 252, 256-57 (4th Cir.

---

[1] Based upon Plaintiff's representations to the Court, he has shown he is unable to pay fees and costs associated with said action. This status will be granted for the sole purpose of entering this Order and Recommendation.

2004) ("The word 'frivolous' is inherently elastic and not susceptible to categorical definition . . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." (some internal quotation marks omitted)).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678, and *Twombly*, 550 U.S. at 557).

*Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation and citation omitted). "Although the Court must liberally construe *pro se* Plaintiff's allegations, it cannot 'ignore a clear failure to allege facts' that set

forth a cognizable claim," and "reliance on legal terms is insufficient in a complaint." *See Pulley v. Greenville Hous. Auth.*, No. 4:18CV120, 2018 WL 4016987, at *3 (E.D.N.C. Aug. 2, 2018) (unpublished) (citation omitted), *report and recommendation adopted*, 2018 WL 4016305 (E.D.N.C. Aug. 22, 2018) (unpublished).

Here, Plaintiff has filed a document entitled, "Motion for Claim(s) Reinstatement for Causes for Issuance of Orders for the Reopenings of Files in Civil Docket Case #1:21-CV-00416 for Just Causes," which the Court has treated as a Complaint under 42 U.S.C. § 1983. (*See* Docket Entry 1.) In the Complaint, Plaintiff takes issue with a previous order of dismissal in one of his civil actions bought while he was a prisoner of the State of North Carolina. (*See id.*; *see also* Case No. 1:21CV416, Docket Entries 7, 8.) In that action, the complaint was dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, and accompanied by the $402.00 filing fee as Plaintiff was unable to obtain IFP status pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). (*See* Case No. 1:21CV416, Docket Entries 3, 7, 8.)[2]

Plaintiff is now released from custody and would like the Court to reopen his prior matter. (*See* Compl., Docket Entry 1.) Upon review of Plaintiff's Complaint, the undersigned finds that it should be dismissed. First, to the extent Plaintiff wishes to reopen his prior action, he should file a motion in his prior action setting forth the appropriate grounds which would warrant such relief under Rule 60 of the Federal Rules of Civil Procedure. Beyond that, Plaintiff asserts no causes of actions or independent grounds for relief against the named defendants in the instant Complaint. Accordingly,

---

[2] IFP status was granted for the sole purpose of entering the Order and Recommendation in that matter.

3

**IT IS HEREBY ORDERED** that *in forma pauperis* status is granted for the sole purpose of entry of this Order and Recommendation.

**IT IS RECOMMEDED** that Plaintiff's document, construed as a Complaint under 42 U.S.C. § 1983 (Docket Entry 1), be dismissed without prejudice to Plaintiff seeking appropriate relief in his prior action, Case No. 1:21CV416, or otherwise filing a new complaint asserting claims against those individuals who have violated his constitutional rights.

/s/ Joe L. Webster
Joe L. Webster
United States Magistrate Judge

December 16, 2022
Durham, North Carolina